IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| M. SCOTT BARRETT,              )<br>                                            )<br>           Plaintiff,          )<br>                                            )<br>    V.                              )<br>                                            )<br>THOMAS D. REYNOLDS, and   )<br>EARLY AMERICAN COIN       )<br>GALLERY, LLC,                  )<br>                                            )<br>           Defendants.         )         | 8:12CV328<br><br><br><br><br>ORDER |

This matter is before the Court on Plaintiff's Motion to Compel Discovery ([filing 148](#)). Plaintiff maintains that several of Defendants' responses to Plaintiff's Second Set of Requests for Admission ("RFA") are deficient. Plaintiff also claims that Defendants' responses to Interrogatory Nos. 22, 33 and 36 through 42 are incomplete. Additionally, Plaintiff complains that Defendants' responses to Request for Production Nos. 17, 18, 19, 20 and 22 are insufficient. For the reasons explained below, Plaintiff's motion will be granted, in part, and denied, in part.

## BACKGROUND

Plaintiff and Defendant Thomas Reynolds ("Reynolds") are both rare coin collectors. Reynolds is the sole owner of Defendant Early American Coin Gallery, LLC. On or about March 31, 2012, Plaintiff and Reynolds entered into a consignment contract where Plaintiff gave Defendants certain coins to sell on a consignment basis for a commission. Plaintiff terminated the consignment agreement on September 6, 2012.

In this suit, Plaintiff alleges that Defendants mishandled the consignment by converting Plaintiff's coins, not holding sales proceeds in trust, and generally breaching fiduciary duties owed to Plaintiff. Plaintiff's Second Amended Complaint asserts multiple causes of action, including replevin, breach of fiduciary duty, breach of contract, unjust enrichment, conversion and fraud. Defendants have asserted counterclaims against Plaintiff

for defamation and tortious interference with business relationships.

## DISCUSSION

Plaintiff's motion to compel relates to numerous discovery requests. The information sought through these requests falls into several general categories: (1) requests regarding proceeds for the sale of certain coins; (2) requests related to Reynolds's personal net worth; (3) requests related to trust account transactions; (4) requests that seek the value of Reynolds's coin inventory and personal coin collection; (5) requests that seek loan applications and agreements with Reynolds's personal creditors; and (6) requests that seek written settlement agreements with non-parties. Defendants contend that they have provided sufficient responses and that a majority of the information sought, particularly that relating to Reynolds's personal wealth, is irrelevant to the claims and defenses asserted in this case.

Under the federal rules, parties to a lawsuit may obtain discovery regarding any matter, not privileged, that is relevant to a claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." *Moses v. Halstead*, 236 F.R.D. 667, 671 (D. Kan. 2006) (footnote omitted). However, "[m]ere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its importance to their case." *Met-Pro Corp. v. Industrial Air Technology, Corp.*, No. 8:07CV262, 2009 WL 553017, * 3 (D. Neb. March 4, 2009).

### 1. Requests Related to Sale Proceeds from Particular Coins

RFA Nos. 19, 20, 25, 26, 30, 31, 226, 233, 235, 259 and 260 ask Reynolds to admit receiving a specified amount of money for the sale of particular coins belonging to Plaintiff. For instance, RFA No. 19 requests that Reynolds admit that "in April 2012 you sold [Plaintiff's] S2 to Steve Fischer for $15,000." (Filing 145-3.) In RFA Nos. 21, 22, 24, 27, 28, 29, 32, 33, 34, 228, 230, 237, 240, 261 and 263, Reynolds is asked to admit that proceeds

from the sale of Plaintiff's coins were deposited into Reynolds's business account and that certain documents were accurate copies of items reflecting amounts received from the sale of those coins. Reynolds denied each of these RFAs, claiming that the subject coins were sold for a different amount than that specified by Plaintiff. Although Reynolds denied the RFAs, he provided the actual amount of proceeds obtained through the sale of each respective coin.

Plaintiff contends that Defendants should have produced documents evidencing their responses to these RFAs. In particular, Plaintiff points to Interrogatory No. 22 which states, in part:

> For each Request for Admission which has been denied, either in whole or in part, state the basis of, and all reasons for, your denial and identify all documents and information which support such denial and all persons and documents consulted in arriving at such denial.

([Filing 145-1](#).) Defendants responded to this Interrogatory by stating, "[s]ee responses to requests for admissions as denials were explained therein." (*Id*.) Plaintiff claims that had Defendants properly responded to Interrogatory No 22, Defendants would have been required to produce documents relating to the subject RFAs by way of Plaintiff's Request for Production Nos. 17 and 18, which seek production of all documents identified in Defendants' responses to the RFAs and Interrogatories.

The Court finds that these discovery requests seek relevant information and that Defendants' responses are deficient to some extent. Although Defendants' responses to the RFAs were appropriate, Defendants should have provided additional information in their response to Interrogatory No. 22 and Request for Production No. 18 as it relates to Interrogatory No. 22. Accordingly, within ten days of this Order, Defendants shall supplement their response to Interrogatory No. 22, as well as their response to Request for Production No. 17 as it pertains to Interrogatory No. 22.

    **2.**    **Requests Concerning Reynolds's Personal Net Worth**

RFA Nos. 456 through 460 generally ask that Reynolds's admit his personal net

worth. In support of his motion, Plaintiff makes the conclusory assertion that Reynolds's financial condition is relevant to Plaintiff's claims for breach of fiduciary duty because Reynolds made profits using Plaintiff's money. Plaintiff's assertion is insufficient to show how this information has any bearing on this litigation.

### 3. Requests Relating to Trust Account Transactions

RFA Nos. 347 and 348 ask Reynolds to admit that he was not authorized to make certain transfers from a trust account to a business account. For instance, RFA No. 347 requests an admission that "[Plaintiff] did not authorize you to make the October 15, 2012 transfer of $16,000 from trust account #9352 to your business account . . ." (Filing 145-3.) Defendants denied RFA Nos. 347 and 348, stating that "evidence of waiver and tacit approval exist." (*Id*.) These responses require supplementation.

Federal Rule of Civil Procedure 36, which governs requests for admission, provides that if a matter is not admitted, "the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36. Rule 36 further states that "[a] denial must fairly respond to the substance of the matter." *Id*. Defendants did not provide unqualified, specific denials to these RFAs. Further explanation is warranted. Defendants shall supplement their responses to RFA Nos. 347 and 348 within ten days of this Order.

Interrogatory No. 40 asks Reynolds to "[s]tate the amount of, and provide a detailed statement of your computation of, the amount of sale commission that you claim Plaintiff owed to you on October 15, 2012." (Filing 145-1.) Plaintiff maintains that this Interrogatory relates to Reynolds's claim that he withdrew $16,000 from a trust account because he feared Plaintiff would not pay him his sales commission. Reynolds first responded to this Interrogatory by stating that "Defendants are still computing amount owed based on subpoena responses and bank records. Defendants will supplement when computation is final." (*Id*.) Reynolds later supplemented his response to this Interrogatory, stating:

> 10% of the price of the coins sold. Plaintiff may calculate the amount owed by review of Reynolds' bank documents that have been produced to date, the

invoices that have been produced in response to third parties, and the consignment contract between the parties. Defendants object to this interrogatory to the extent that it requires Defendants to derive or calculate an answer, as the burden of deriving or calculating an answer is the same for Plaintiff and Defendants.

(Filing 145-5.)

Defendants do not contest the relevancy of the request. Rather, Defendants contend that the request is overly burdensome because Plaintiff has the means to make the calculation on his own. Federal Rule of Civil Procedure 33(d) states that if an answer to an interrogatory may be determined by examining business records, and if the burden of ascertaining the answer will be substantially the same for either party, "the responding party may answer by . . . specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could . . ." Fed. R. Civ. P. 33. Initially, Defendants responded to the Interrogatory by stating that it was in the process of making the requested computation. Defendants apparently gave up on making this calculation and, in supplementing the response, simply pointed Plaintiff to broad categories of documents. Although Defendants may respond to this Interrogatory by specifying records, they must describe the documents in a detailed manner to guide Plaintiff to the necessary materials. Defendants have not done so. Therefore, Defendants must supplement the response to Interrogatory No. 40.

### 4. Requests Relating to Coin Inventory and Reynolds's Personal Coin Collection

RFA No. 449 asks Defendants to admit the total of the advertised prices for coins posted on Defendants' website. Defendants objected to this RFA on the basis of relevance. Plaintiff claims that the objective of this RFA is to minimize the burden on the Court in hearing or reviewing evidence that could be stipulated to in the form of an RFA response. The Court fails to see, and Plaintiff has failed to sufficiently explain, how the advertised prices for coins on Defendants' website is relevant to this litigation. Defendants' response to this RFA is appropriate.

RFA Nos. 450 through 455 seek information related to the value of Reynolds's personal coin collection. Interrogatory Nos. 37 and 38 likewise seek information regarding Reynolds's coin collection, including details such as acquisition dates, purchase prices, and whether a particular coin has been pledged or hypothecated. Plaintiff claims that these discovery requests are relevant to Plaintiff's claim for beach of fiduciary duty because Reynolds made profits using Plaintiff's money and must disgorge the profits that he earned through this breach of duty. Plaintiff also argues that these discovery requests, and particularly Interrogatory Nos. 37 and 38, are relevant to Reynolds's credibility because Plaintiff believes that Reynolds's extensive coin collection could not be acquired by a person with Reynolds's reported income.

Again, it is unclear to the Court how information related to Reynolds's personal coin collection (other than Reynolds's previously-provided representation that he no longer possesses any of Plaintiff's coins) is relevant to Plaintiff's allegations Defendants mishandled the consignment of Plaintiff's coins. While this information may be relevant to judgment collection efforts, it is irrelevant to the actual claims asserted in this suit.

The Court recognizes that discoverable information may include evidence relevant to the credibility of a party. However, "the areas to be probed to test a witness' credibility are virtually limitless." *Davidson Pipe Co. v. Laventhol & Horwath*, 120 F.R.D. 455, 462 (S.D.N.Y. 1988). Therefore, courts have identified several factors to consider in evaluating whether certain credibility discovery is permissible, including (1) whether the prior acts in question demonstrate a propensity for deception; (2) the extent to which the prior act occurred in a context where there is a premium on veracity; (3) the lapse of time between the prior act and the trial testimony; (4) the relationship between the subject matter of the prior deceptive act and that of the instant litigation and (5) whether the party seeking disclosure has a foundation for its inquiry. *Id*. at 462-63. Having considered these factors, the Court finds that the requested discovery is impermissibly broad. Plaintiff purportedly wants to undermine Reynolds's credibility by unearthing evidence that Reynolds lied on his tax returns. Plaintiff intends to do this by inquiring into the value of Reynolds's personal coin collection. If this line of inquiry were permitted, Plaintiff could feasibly inquire into the value of all of Reynolds's assets in the hopes of uncovering a falsehood. The connection between Reynolds's alleged deception in his personal tax returns and the subject of this

litigation is too attenuated for the evidence to be of any probative value in this case. Therefore, Plaintiff's motion to compel will be denied as to these discovery requests.

### 5. Requests Regarding Reynolds's Alleged Purchase of Coins with Plaintiff's Funds

Plaintiff maintains that RFA Nos. 462-478 relate to Reynolds's purchase of a coin for his personal collection. According to Plaintiff, Reynolds used Plaintiff's funds to purchase this particular coin. With respect to RFA No. 470, which asks Reynolds to admit that certain deposits made into a business account came from the sale of Plaintiff's coin, the Court finds supplementation necessary. Defendants objected to this request as being overly burdensome because Plaintiff could figure out the answer himself based on other discovery responses. Defendants' excuse is unavailing. For the most part, "[a]ll discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." *Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 684-85 (D. Kan. 1991). Defendants have not shown why responding to this RFA would be unduly burdensome.

Likewise, Defendants must supplement their response to RFA No. 472, which asks Defendants to admit that all of the funds Reynolds used to purchase a particular coin came from the sale of Plaintiff's coins. Defendants denied the request, stating that "money from other sources was also in account." (Filing 145-3.) As explained previously, Rule 36 states that if a matter cannot be admitted, the responding party must specifically deny it or state in detail why the matter cannot be admitted or denied. Fed. R. Civ. P. 36. Defendants' response fails to provide sufficient detail.

Similarly, Defendants denied RFA Nos. 473, 474, 475, 477 and 478, by simply stating that "evidence of waiver and tacit approval exist." (Filing 145-3.) As explained above, further elaboration is necessary. Defendants shall supplement their responses to RFA Nos. 470, 472, 473, 474, 475, 477 and 478 within ten days of this Order.

### 6. Requests Seeking Written Settlement Agreements with Non-parties

Interrogatory No. 36 asks that Plaintiff identify all written settlement agreements which Defendants have previously entered into with customers, dealers, consignors, auction houses and creditors. Again, Plaintiff asserts that this request is relevant as to seeks information about Reynolds's credibility. Plaintiff maintains that he has identified at least one other individual who had an experience with Reynolds similar to the one had by Plaintiff.

The Court agrees with Plaintiff that information regarding other individuals' experiences in dealing with Reynolds in factual scenarios similar to that underlying this litigation could potentially be relevant to credibility. However, the scope of Interrogatory No. 36 is troubling. The Interrogatory is not limited to a particular type of settlement or subject, nor does it provide a relevant time frame. In other words, this Interrogatory is overly broad and the Court will not compel Defendants to respond.

### 7. Requests Purportedly Seeking Loan Applications and Information Regarding Reynolds's Personal Creditors

Plaintiff claims that Interrogatory No. 39 seeks supplemental information regarding Reynolds's transactions with creditors, including personal creditors. Again, Plaintiff claims this information is relevant because Reynolds used Plaintiff's money to buy a coin for his personal coin collection. However, due to the way Interrogatory No. 39 is written and presented to the Court, it is unclear what it actually seeks. Interrogatory No. 39 provides: "State all of the supplemental information requested in respect to Plaintiff's Interrogatory Nos. 7, 8 and 9, as stated in the September 5, 2013 letter from the undersigned to counsel for Reynolds . . ." (Filing 145-1.) With respect to Interrogatory No. 7, the referenced letter provides: "We need a supplemental response in respect to Goldman only, we do not need any further information on Fischer and Laibstain." (Filing 145-7.) Because the Court has no idea what information is actually sought by Interrogatory No. 39, Plaintiff's motion to compel will be denied with respect to this discovery request.

8

Similarly, Request for Production No. 19 asks for "[a]ll documents identified in the supplemental production requested in respect to Plaintiff's Request for Production Nos. 3, 4, 5, 9 and 13, as stated in the September 5, 2013 letter from the undersigned to counsel for Reynolds . . ." (Filing 145-2.) With respect to Request for Production No. 3, the referenced letter states: "We need a supplemental production in respect to Goldman only, we do not need any further documents re Fischer and Laibstain." (Filing 145-7.) The Court has insufficient information upon which to make a decision as to whether supplementation of Request for Production No. 19 is necessary.

Request for Production No. 20 seeks Reynolds's loan applications and loan agreements with multiple creditors for indebtedness outstanding after March 31, 2012. Plaintiff claims that this information is relevant because it is probable that creditors would not have made loans to Reynolds had Reynolds accurately reported his income. The Court finds that this discovery request is impermissibly broad and insufficiently connected to the issue of credibility in this case.

### 8. Requests Regarding Consignment Sales and Payments

Interrogatory No. 41 seems to request that Defendants account for transactions related to Plaintiff's coins that were subject to the consignment. Defendants maintain that this Interrogatory is duplicative of other discovery conducted in the case. The Court will order Defendants to supplement their response to this Interrogatory. If the information has, in fact, already been provided, it should not be overly difficult for Defendants to provide it a second time or simply point Plaintiff to other specific discovery responses that contain the information sought.

Interrogatory No. 42 states:

Documents BARRETT 2271-2275 are Plaintiff's records concerning consignment sales and payments through August 16, 2012. Identify any transaction(s) that you claim to have disclosed to Plaintiff before August 17,

9

2012 that is not accounted for in Documents BARRETT 2271-2275 and for each transaction that you claim to have disclosed to Plaintiff before August 17, 2012 that is not accounted for in Documents BARRETT 2271-2275, state the transaction(s) and for each transaction that you claim to have disclosed to Plaintiff before August 17, 2012, provide a detailed statement of the transaction, state the date of disclosure, the substance of the disclosure and the means of disclosure . . .

(Filing 145-1.) Defendants objected to this request, asserting that it is vague. The Court agrees with Defendants. Plaintiff's motion to compel a response to this Interrogatory is denied.

9. **Interrogatory No. 33**

Interrogatory No. 33 asks, in part, that Defendants state the basis of, and identify all documents, that support Defendants' denial of the allegation contained in the Second Amended Complaint that "Reynolds told Barrett that the total of all of Collector C's installment payments was $32,000 . . ." (Filing 145-1.) Defendants responded that the denial was "based on Plaintiff's lack of definition as to who 'Collector C' was." (*Id*.) The Court agrees that this Interrogatory is inartfully drafted and vague. Accordingly, the Court will not order supplementation.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion to Compel Discovery (filing 148) is granted, in part, and denied, in part, as set forth above. Defendants shall supplement their discovery responses within ten (10) days of this Order.

**DATED March 24, 2014.**

                                                **BY THE COURT:**

                                                **S/ F.A. Gossett**
                                                **United States Magistrate Judge**